## LANDECKER v. JAMES.

(Supreme Court, Appellate Term, First Department.   December 6, 1912.)

LANDLORD AND TENANT (§ 182*)—LEASE—SUSPENSION OF RENT.

> On January 1st the owner of an apartment house told the tenants that he could not afford to heat the premises longer, and that they must either heat them, in which case he would deduct $5 a month for rent, or vacate, but that the tenants could have a few days to decide, whereupon they decided to heat the house themselves, but afterwards became dissatisfied with that arrangement, and about January 25th the Jandlord again undertook to furnish the heat. *Held*, that the conversation on January 1st did not operate as a suspension of the rent during January, at most only entitling them to deduct $5 from the rent.

> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 731, 732–735; Dec. Dig. § 182.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Adolph H. Landecker against William James. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Lawrence K. Brown, of New York City, for appellant.

Joseph I. Berry, of New York City, for respondent.

LEHMAN, J.  The plaintiff is the owner of a row of two family houses in the Bronx.  The defendant was in possession of an apartment in one of these houses when plaintiff bought them.  He attorned to the plaintiff by paying him $25 rent on the 1st day of December, 1911, and remained in possession of the premises till February 3d. The plaintiff brings this action for rent for the months of January and February, 1912.  At the trial the plaintiff showed the attornment of the defendant, the occupancy of the apartment thereafter, and the failure to pay rent.  His prima facie case, was, therefore, complete.  Nevertheless at the close of the plaintiff's case the trial justice gave judgment for the defendant, upon the theory that plaintiff's own evidence showed that defendant had a good affirmative defense to the plaintiff's prima facie case.

The evidence relied upon to show this defense is that on January 1st the plaintiff told the defendant that he could no longer afford to heat the premises, and that the tenants must either heat the premises themselves, in which case the plaintiff would allow $5 per month from the rent, or the tenants would have to move out.  He then informed the defendant that he could have a few days to decide, as there was enough coal in the cellar to heat the house for a few days.  Thereafter the tenants held a meeting, and decided to heat the houses themselves.  The janitor, according to the tenants' arrangement, collected the cost of the coal pro rata from the tenants, and defendant paid his share.  About January 25th, owing to dissatisfaction on the part

of the tenants with this arrangement, the plaintiff himself undertook to furnish heat. Upon these facts the trial justice held that the conversation held on January 1st worked a suspension of the rent during the month of January, and that the defendant need not pay the February rent because of a constructive eviction.

I cannot see how the conversation of January 1st worked any suspension of the rent. Apparently the parties agreed at first that the tenant would accept the suggestion that he should heat his apartment, accepting in return the reduction of rent, and that thereafter they agreed that the landlord should resume the old arrangement, and heat the premises himself. The tenant did not accept the alternative of moving out within a few days, but acquiesced in plaintiff's suggestion. At most, he is, therefore, entitled to a reduction of the rent during January of the sum of $5. There was certainly no proof of a constructive eviction on February 3d. At that time plaintiff had resumed the duty of heating. Moreover, there is no proof that the landlord had failed to provide heat, except during the weeks when, by agreement, the tenant had undertaken this duty.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

PAGE, J., concurs. HOTCHKISS, J., taking no part.